UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MILBANK INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> RUSHMORE PHOTO & GIFTS, INC., a South Dakota Corporation, JRE, INC., a South Dakota Corporation, CAROL NIEMANN, PAUL A. NIEMANN, and BRIAN M. NIEMANN, <br><br> Defendants. | CIV. 17-5066-JLV <br><br><br><br> ORDER |

## INTRODUCTION

Defendants Rushmore Photo & Gift, Inc., JRE, Inc., Carol Niemann, Paul

A. Niemann and Brian M. Niemann (jointly the "RPG Defendants") filed a

motion to dismiss count I, count II and paragraphs 68(a), (b), (c), (d), (e), (g) and

(k) of count III of plaintiff's complaint pursuant to Federal Rules of Civil

Procedure 12(b)(5) and (6).  (Docket 7).  Plaintiff resists defendants' motion.

(Docket 19).  For the reasons stated below, defendants' motion is granted.

## ANALYSIS

For purposes of resolving the RPG Defendants' motion, the facts alleged

in the complaint are accepted as true.  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) ("To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.' ") (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

Plaintiff Milbank Insurance Company ("Milbank") filed a complaint against the RPG Defendants on August 22, 2017.   (Docket 1).   The complaint asserts the court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]   <u>Id.</u> ¶ 18.   The complaint seeks a "declaratory judgment, brought pursuant to 28 U.S.C. §§ 2201 & 2202, for the purpose of determining the rights and legal obligations under insurance policies issued by Milbank to the RPG Defendants."   (Docket 1 ¶ 1).   Plaintiff alleges "[t]he Milbank Policies do not apply to claims for trademark infringement, intentional violations of the known rights of another, and injunctive relief."   <u>Id.</u> ¶ 2.   Milbank states that "[o]n June 22, 2011, Sturgis Motorcycle Rally, Inc. ("SMRI"), filed suit against the RPG Defendants alleging trademark infringement relating to the Sturgis Motorcycle Rally in Sturgis, South Dakota."   <u>Id.</u> ¶ 3.   <u>See</u> <u>Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc., et al.</u>, Civ. 11-5042 (D.S.D. 2011) (the "SMRI Lawsuit").   The complaint alleges that "Milbank agreed to defend the RPG Defendants, subject to a reservation of rights that the Milbank Policies do not provide coverage for trademark violations, intentional violations of the known rights of another, or claims for injunctive relief."   (Docket 1 ¶ 4).

---

[1]The RPG Defendants acknowledge the court has diversity jurisdiction over plaintiff's complaint.   (Docket 8 at p. 5).

"On April 24, 2012, SMRI filed an Amended Complaint alleging the same causes of action as its original Complaint, but adding Wal-Mart as a defendant." (Docket 1 ¶ 40) (referencing Civ. 11-5052, Docket 52). "Without consulting Milbank, Rushmore agreed to defend and indemnify Wal-Mart relative to the [SMRI] Lawsuit." Id. ¶ 43. "Until its decision to amicably withdraw[ ] from the RPG Defendants' defense, Milbank was also paying for [RPG Defendants' attorneys] defense of Wal-Mart subject to a reservation of rights." Id. ¶ 45. "Milbank now seeks a ruling that Milbank has no duty to defend the RPG Defendants in the [SMRI] [L]awsuit." Id. ¶ 10.

Count I seeks a declaratory judgment that "the Trademark Exclusion bars coverage for the [SMRI] Lawsuit in its entirety." Id. ¶ 60. Count II seeks a declaratory judgment that "the Intentional and/or Willful Conduct Exclusion bars coverage for the [SMRI] Lawsuit in its entirety." Id. ¶ 66. Count III seeks a declaratory judgment "that Milbank has no duty to provide coverage, or is entitled to recover certain amounts spent in connection with the [SMRI] Lawsuit, based on [certain] grounds . . . ." Id. ¶ 68. Relevant to the RPG Defendants' motion, the complaint alleged that Milbank had no duty to:

1. defend claims for "personal and advertising injury" where such injury arises from publications or distributions of infringing material that occurred prior to the inception of any Milbank Policy. Id. ¶ 68(a).

2. defend claims for any liability or potential liability which the RPG Defendants knew of, and did not disclose to Milbank, prior to the inception of any Milbank Policy. Id. ¶ 68(b).

3. defend claims for "personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the RPG Defendants with knowledge of its falsity.  Id. ¶ 68(c).

4. defend claims for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in the RPG Defendants' "advertisement."  Id. ¶ 68(d).

5. defend claims that do not seek damages, or claims that . . . seek solely injunctive or equitable relief.  Id. ¶ 68(e).

6. pay defense costs that are not reasonable and necessary, or are otherwise unrelated to a covered claim.  Id. ¶ 68(g).

7. defend the RPG Defendants to the extent that coverage is precluded by the terms, conditions, and exclusions of the Milbank Policies.  Id. ¶ 68(k).

The RPG Defendants seek dismissal of count I, count II and the above referenced subsections of count III pursuant to Fed. R. Civ. P. 12(b)(6) as being time-barred by the applicable South Dakota statute of limitations.  (Docket 8 at p. 7).  Defendants identify SDCL § 15-2-13 as the applicable statute of limitations.  Id.  In relevant part, that statute provides "the following civil actions . . . can be commenced only within six years after the cause of action shall have accrued . . . [a]n action upon a contract, obligation, or liability, express or implied . . . ."  SDCL § 15-2-13(1).

The RPG Defendants argue that because Milbank's claim "accrued no later than June 22, 2011," when the SMRI Lawsuit complaint was filed and Milbank's complaint was not filed until "August 22, 2017, and served on

4

August 31, 2017,[2] . . . the statute of limitations had run on all claims related to Milbank's duty to defend under the contract of insurance." (Docket 8 at pp. 6-7). For these reasons, the RPG Defendants assert the identified Milbank claims "should be dismissed with prejudice." Id. at p. 7.

Milbank resists defendants' motion on several grounds. First, "[t]he operative pleading in the [SMRI] Lawsuit is the First Amended Complaint filed April 24, 2012." (Docket 19 at p. 2) (referencing Civ. 11-5052, Docket 52). "[T]o the extent that a six-year statute of limitations applies and a cause of action for declaratory relief can accrue upon the filing of an underlying complaint, the applicable statute of limitations for this matter began to toll on April 24, 2012." Id. at p. 3. Milbank argues "the allegations contained in [the amended complaint] . . . will be used to determine Milbank's defense obligations, if any, to the RPG Defendants." Id. Milbank submits that "[u]nder well-established South Dakota and federal law, the First Amended Complaint superseded the original complaint and rendered the original complaint without legal effect." Id. at p. 5 (referencing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.") (other references omitted). Based on this argument, Milbank contends "even if a six-year statute of limitations applies,

---

[2]See Dockets 11-15.

and a claim for declaratory judgment accrues upon the filing of an underlying complaint, Milbank's claims are still timely because the six-year statute of limitations would begin to run on April 24, 2012." Id. at p. 6.

Second, Milbank argues the SMRI Lawsuit verdict on October 30, 2015, finding "the RPG Defendants intentionally infringed on one or more of SMRI's trademarks . . . . made clear that the [SMRI] Lawsuit is a trademark dispute that is unequivocally excluded from coverage under the Milbank policy." Id. at p. 2. Milbank submits that "[o]nly then did Milbank raise the possibility of withdrawing its defense, and only then was there an actual controversy between the parties." Id. at p. 4. Milbank argues its "cause of action for declaratory judgment accrued no earlier than the jury's finding that the RPG Defendants were liable for intentional trademark infringement on October 30, 2015." Id. at p. 9. Plaintiff submits it "defended the RPG Defendants in good faith for over four years without dispute and faithfully paid the invoices of the RPG Defendants self-selected counsel through trial. Now, the RPG Defendants seek to punish Milbank's decision to provide a good faith defense by arguing that Milbank is now barred from pursuing declaratory judgment." Id. at p. 10. Milbank submits "there was no actual controversy (*i.e.* clearly antagonistic positions indicating imminent and inevitable litigation) until, at earliest, the jury in the [SMRI] Lawsuit confirmed that there were no covered claims against the RPG Defendants." Id. Milbank concludes "[g]iven the significance of the jury award in determining the parties' obligations, it is illogical for the RPG

6

Defendants to argue that Milbank's cause of action for declaratory judgment accrued before that [verdict] existed." Id.

Third, "[b]ecause there is no South Dakota statute specifically addressing limitations for declaratory judgment actions, the ten year 'catch all' statute of limitations under SDCL § 15-2-8 applies." Id. at p. 4; see also id. at p. 8. For this reason, Milbank argues its "declaratory judgment action was filed well within the applicable statute of limitations." Id. at p. 8.

Fourth, "Milbank made repeated attempts to reach mutually agreeable terms with the RPG Defendants regarding Milbank's withdrawal from the defense. . . . Specifically, Milbank reached out [to] the RPG Defendants on February 2, February 14, February 22, March 2, March 3, March 10, March 16, April 4, April 7, . . . June 12, 2017, and July 10, 2017." Id. at p. 2. While those discussions "raised the possibility of recouping past defense costs . . . . Milbank is no longer seeking recoupment of costs it incurred in defending the RPG Defendants through trial, it is only disputing that it has any obligation to pay certain post-trial invoices and any future costs related to the [SMRI] Lawsuit." Id. at p. 4 n.1.

In reply, the RPG Defendants contend Milbank's "duty to defend accrued with the filing of the initial complaint in the [SMRI Lawsuit]." (Docket 21 at p. 4). The defendants argue Milbank acknowledged the amended complaint in the SMRI Lawsuit "did not add any new causes of action . . ." but only added Wal-Mart as an additional defendant. Id. (referencing Docket 1 ¶ 40). The

RPG Defendants recognize their "partial motion to dismiss does not include a request to dismiss the new claims made in the First Amended Complaint [in the SMRI Lawsuit]. Defendants are only seeking to dismiss the causes of action that accrued on June 22, 2011." Id.

The RPG Defendants argue the SMRI Lawsuit complaint alleged the equitable and injunctive claims and that Milbank knew of those claims as indicated in its own complaint. Id. at pp. 4-5 (referencing Docket 1 ¶¶ 31-32). By Milbank's own assertions, the RPG Defendants argue the plaintiff made "clear the question of the duty to defend the equitable claims accrued on June 22, 2011, . . . ." Id. at p. 5.

Objecting to Milbank's claim this action is not based on a contract, the RPG Defendants submit "[u]nder the well established law and a common sense review of Milbank's complaint, this is clearly an action 'upon a contract' and the six year statute of limitations applies."[3] Id. at pp. 5-6 (referencing SDCL § 15-2-13). Defendants submit "there can be no other basis for the claims made in the declaratory judgment action other than those sounding in contract." Id. at pp. 6-7.

---

[3]Defendants cite a number of legal authorities outside the state of South Dakota and the United States Court of Appeals for the Eighth Circuit. Id. at p. 6. Neither party cites any South Dakota case authority on this point and further claim there is none which addresses the question currently before the court.

The RPG Defendants argue Milbank's complaint specifically identifies "that an actual controversy accrued" when it acknowledged a decision "to defend the RPG defendants, subject to a reservation of rights that the Milbank Policies do not provide coverage for trademark violations, intentional violations of the known rights of another, or claims for injunctive relief." Id. at p. 7) (referencing Docket 1 ¶ 4; see also id. ¶ 32). Defendants pose the following question: "If there was no actual controversy, why would Milbank have chosen to defend under a reservation of rights?" Id. at p. 8. In conclusion, the RPG Defendants contend that "[f]rom the four corners of the complaint Milbank served in this matter, it is clearly demonstrated that the action related to its duty to defend accrued no later than June 22, 2011, and the statute of limitations bars recovery on all of Milbank's claims related to the duty to defend (and pay for defense costs)." Id.

In a diversity action, the court applies the substantive law of the forum state. See Jordan v. NUCOR Corp., 295 F.3d 828, 834 (8th Cir. 2002). "[F]ederal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes." Hanna v. Plumer, 380 U.S. 460, 465 (1965) (referencing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)). See also In re Baycol Products Litigation, 616 F.3d 778, 785 (8th Cir. 2010) ("in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state.") (internal citations omitted). In this

9

case, the forum state is South Dakota, so the court will apply South Dakota law.

"Statutes of limitations are substantive laws and thus in diversity actions are controlled by state law." Paracelsus Healthcare Corp. v. Philips Med. Sys., Nederland, B.V., 384 F.3d 492, 495 (8th Cir. 2004). State law also controls "service requirements[.]" Wells v. Reynen, No. CIV 08-4136, 2009 WL 1973549, at *9 (D.S.D. July 8, 2009) (citing Walker v. Armco Steel Corp., 446 U.S. 740, 752 (1980)). "[Fed. R. Civ. P.] 3 . . . states that '[a] civil action is commenced by filing a complaint with the court.' There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purport[s] to displace state tolling rules for purposes of state statutes of limitation. . . . [I]n diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations." Walker, 446 U.S. at 750-51 (citing Fed. R. Civ. P. 3). "Under South Dakota law, service of a summons on the defendant generally commences an action." Schebo v. Laderer, 720 F. Supp. 146, 147 (D.S.D. 1989), *aff'd*, 902 F.2d 1576 (8th Cir. 1990) (referencing SDCL § 15–2–30) ("An action is commenced as to each defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him.").

"A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that

10

the claim is time-barred." In re Pre-Filled Propane Tank Antitrust Litigation, 860 F.3d 1059, 1063 (8th Cir. 2017) (*en banc*), cert. denied sub nom. Ferrellgas Partners, L.P. v. Morgan-Larson, LLC, ___ U.S. ___, 138 S. Ct. 647 (2018) (internal quotation marks omitted). "In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Roe v. Nebraska, 861 F.3d 785, 788 (8th Cir. 2017) (internal quotation marks and alterations omitted).

In South Dakota, "[a] cause of action accrues when 'the plaintiff either has actual notice of a cause of action or is charged with notice.'" Huron Center, Inc. v. Henry Carlson Co., 650 N.W.2d 544, 548 (S.D. 2002) (citing Strassburg v. Citizens State Bank, 581 N.W.2d 510, 514 (S.D. 1998) (citing SDCL 17-1-2, SDCL 17-1-3).[4] "Either actual or constructive notice . . . will equally suffice to start the statute of limitations' clock running." Strassburg, 581 N.W.2d at 514.

"The Declaratory Judgment Act provides that any federal court, '[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" Maytag Corp. v. International

---

[4]SDCL § 17-1-2 states "[a]ctual notice consists in express information of a fact." SDCL § 17-1-3 provides "[c]onstructive notice is notice imputed by the law to a person not having actual notice."

Union, United Automobile, Aerospace & Agricultural Implement Workers of America, 687 F.3d 1076, 1081 (8th Cir. 2012) (citing 28 U.S.C. § 2201(a)). "The phrase 'case of actual controversy' in § 2201 'refers to the type of "Cases" and "Controversies" that are justiciable under Article III.' " Id. (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007)).

"In the context of disputes between parties to a contract, the declaratory judgment remedy 'is intended to provide a means of settling an actual controversy before it ripens into a . . . a breach of a contractual duty.' " Id. (citing Rowan Cos. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989)). "If there is 'a real, substantial, and existing controversy . . . . a party to a contract is not compelled to wait until he has committed an act which the other party asserts will constitute a breach.' " Id. at 1081-82 (citing Keener Oil & Gas Co. v. Consolidated Gas Utilities Corp., 190 F.2d 985, 989 (10th Cir. 1951)). "In these situations, relevant Article III considerations include whether the contractual dispute is real, in the sense that it is not factually hypothetical; whether it can be immediately resolved by a judicial declaration of the parties' contractual rights and duties; and whether 'the declaration of rights is a *bona fide* necessity for the . . . declaratory judgment plaintiff to carry on with its business.' " Id. at 1082 (citing Hyatt International Corp. v. Coco, 302 F.3d 707, 712 (7th Cir. 2002) (emphasis in original)).

By the filing of the complaint in the SMRI Lawsuit on June 22, 2011, Milbank was put on actual notice that SMRI was claiming the RPG Defendants

12

infringed on SMRI's trademarks associated with the Sturgis Motorcycle Rally. Milbank's complaint acknowledges this reality. (Docket 1 ¶¶ 3 & 27-30). Agreeing to provide a defense to the RPG Defendants under a reservation of rights, Milbank's cause of action for a declaratory judgment against the RPG Defendants accrued as of June 22, 2011. Huron Center, Inc., 650 N.W.2d at 548; Strassburg, 581 N.W.2d at 514. Because Milbank had actual notice of the SMRI complaint on June 22, 2011, this is the starting point of the statute of limitations in South Dakota on Milbank's cause of action. In the present case, Milbank did not serve summons on any of the RPG Defendants prior to the expiration of the six-year statute of limitations, that is June 22, 2017. See Dockets 11-15 and SDCL § 15-2-30.

For Milbank to argue it was compelled to wait until the SMRI Lawsuit verdict to assert its declaratory judgment rights is disingenuous. "[B]oth the Supreme Court and the Eighth Circuit have held that a declaratory judgment action may be justiciable despite the presence of unresolved facts or the pendency of underlying litigation." Federal Ins. Co. v. Sammons Financial Group., Inc., 595 F. Supp. 2d 962, 972 (S.D. Iowa 2009) (referencing among others, Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 243 (1937); Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941); Aetna Casualty & Surety Co. v. General Dynamics Corp., 968 F.2d 707, 709 (8th Cir. 1992); Capitol Indemnity Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992)). "Given these precedential cases, it is clear that the

dispute surrounding [Milbank's] obligation to advance costs is both real and immediate . . . . " Id. at 973. Milbank's cause of action accrued as of the filing of the original SMRI complaint and its right to assert a declaratory judgment action constituted an actual case and controversy as of June 22, 2011.

Milbank's argument the court must ignore the original complaint, but rather rely on the amended complaint filed in the SMRI Lawsuit on April 24, 2012, is without merit. While the SMRI amended complaint replaced its original complaint, Milbank was, without question, put on notice of the causes of actions asserted in the original SMRI complaint. Milbank acknowledges those causes of actions did not change in the amended complaint. (Docket 1 ¶ 4). The date of accrual of the cause of action for Milbank was not reset by the filing of SMRI's amended complaint.

Milbank contends there is no definitive statute or case authority in South Dakota which dictates the statute of limitations for a declaratory judgment and therefore, "the ten year 'catch all' statute of limitations under SDCL § 15-2-8 applies." (Docket 19 at p. 4; see also id. at pp. 7-8). To arrive at this conclusion, Milbank argues its relationship with the RPG Defendants is based on "an ongoing lawsuit for which defense costs are being incurred on an ongoing basis" and not based on a breach of "their obligations under the Milbank policy." Id. at pp. 7-8. This argument fails, because Milbank specifically "agreed to defend the RPG Defendants, subject to a reservation of

rights that the Milbank Policies do not provide coverage for trademark violations, intentional violations of the known rights of another, or claims for injunctive relief." (Docket 1 ¶ 4; see also id. ¶ 32). See also Aetna Life Insurance Co. of Hartford, Conn, 300 U.S. at 243 (declaratory judgment action is ripe for resolution even though there are unresolved questions of fact in the underlying litigation); Maryland Casualty Co., 312 U.S. at 273 ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); Aetna Casualty & Surety Co., 968 F.2d at 711 ("[S]ince [the insured] had made a clear demand for payment of defense and indemnity costs . . . and because [the insurer] disputed those demands, there [was] a live justiciable controversy between the parties sufficient to invoke jurisdiction of the district court."); Capitol Indemnity Corp., 978 F.2d at 438 (when "[t]he lines are drawn [and] the parties are at odds, the dispute is real."); Federal Ins. Co., 595 F. Supp. 2d at 973 (same).

The relationship between Milbank and the RPG Defendants is solely based upon Milbank's contracts of insurance. (Docket 1 ¶¶ 1-2 & 51-54). The statute of limitations for a declaratory judgment action premised on a contract is governed by SDCL § 15-2-13. City of Aberdeen v. Rich, 625 N.W.2d 582, 587 (S.D. 2001). That section requires that "an action upon a contract" must be "commenced only within six years after the cause of action shall have

15

accrued . . . ." SDCL § 15-2-13(1). Applying this provision, Milbank's declaratory judgment action must have been commenced on or before June 22, 2017, or it is time-barred.

Milbank's argument that it was reaching out to the RPG Defendants as a legal or equitable basis for tolling the statute of limitations is without merit. The South Dakota Supreme Court recognizes that "[e]stoppel may be applied to prevent a[n] . . . inequitable resort to a statute of limitations." L.R. Foy Construction Co., Inc. v. South Dakota State Cement Plant Commission, 399 N.W.2d 340, 345 (S.D. 1987). "[A]n estoppel arises, where, by conduct or acts, a party has been induced to alter his position or do that which he would not otherwise have done to his prejudice." Id. (internal citation omitted). "Equitable estoppel consists of four elements: 1. [f]alse representations or concealment of material facts must exist; and 2. [t]he party to whom it was made must have been without knowledge of the real facts; and 3. [t]hat representations or concealment must have been made with the intention that it should be acted upon; and 4. [t]he party to whom it was made must have relied thereon to his prejudice or injury." Cleveland v. Tinaglia, 582 N.W.2d 720, 727 (S.D. 1998).

Milbank neither claims to have satisfied the essential elements of estoppel to justify an equitable tolling of the statute of limitations nor claims that the RPG Defendants engaged in any activity which induced Milbank to delay asserting its declaratory judgment rights. (Docket 19 at pp. 2-3). In

16

fact, on May 19, 2017, Milbank filed a complaint for declaratory judgment against the RPG Defendants and then voluntarily dismissed that proceeding without prejudice.   See Milbank Insurance Company v. Rushmore Photo & Gifts, Inc., CIV. 17-5044 (D.S.D. 2017), Dockets 1 & 4.   "Many" of Milbank's "phone calls and letters with the RPG Defendants' defense counsel" occurred before the filing of the original complaint, after which Milbank "voluntarily dismiss[ed] that action."   (Docket 19 at p. 2).

The summons in the present case was not served on any of the RPG Defendants before June 22, 2017.   See Dockets 11-15 and SDCL § 15-2-30. Milbank's declaratory judgment action was not timely commenced as required by SDCL §§ 15-2-13.   The RPG Defendants' partial motion to dismiss must be granted.

**ORDER**

Based on the above analysis, it is

ORDERED that defendants' partial motion to dismiss (Docket 7) is granted.

IT IS FURTHER ORDERED that count I, count II and paragraphs 68(a), (b), (c), (d), (e), (g) and (k) in count III of plaintiff's complaint (Docket 1) are dismissed with prejudice.

Dated September 4, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE